UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACOB DEJESUS,

                          Petitioner,

        v.                                 **DECISION AND ORDER**
                                           04-CR-82S
                                         05-CV-655S

UNITED STATES OF AMERICA,

                          Respondent.

## I.  INTRODUCTION

Presently before this Court is pro se Petitioner Jacob DeJesus' Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, Petitioner's motion is denied.

## II.  BACKGROUND

On May 3, 2004, Petitioner appeared before this Court, executed a Waiver of Indictment, and pled guilty to a one-count Information charging him with possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  That charge carried a possible maximum sentence of 20 years imprisonment, a $1,000,000 fine, or both.  (Docket No. 11, ¶ 1.[1])

Under the terms of the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 15, and that Petitioner's criminal history category was II, which resulted in a Guidelines sentencing range of 21 to 27 months, a fine of $4,000 to $1,000,000, and a period of

---

[1]Referring to the plea agreement in this case.

supervised release of 3 years.  (Docket No. 11, ¶¶ 7-11.)

Included in the plea agreement is Petitioner's acknowledgment that he

> knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement.

(Docket No. 11, ¶ 18.)

On September 3, 2004, this Court sentenced Petitioner to a 23-month term of imprisonment, a 2-year term of supervised release, and declined to impose a fine.  This Court also recommended that Petitioner be designated to the Intensive Confinement Center Program ("ICCP").  The Clerk of the Court filed the sentencing judgment on September 14, 2004.  (See Docket No. 14.)  Petitioner did not appeal his conviction or sentence.

On September 15, 2005, Petitioner filed the instant Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255.  Respondent filed an Answer and Memorandum of Law on November 10, 2005.  Petitioner filed a reply on November 28, 2005.

## III.  DISCUSSION

### A.   Standard of Review

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by

> Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.    Petitioner's Claims**

In his motion, Petitioner argues that the sentence imposed by this Court was unconstitutional due to (1) the United States Supreme Court's subsequent decision in United States v. Booker,[2] and (2) the decision of the Bureau of Prisons to cancel the ICCP. In response, Respondent argues that Petitioner's motion must be denied because Petitioner has waived his right to collaterally attack his sentence and because the cancellation of the ICCP does not render Petitioner's sentence invalid.

**1.    Petitioner's Waiver of Rights**

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal.  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v.

---

[2] 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

<u>Farley</u>, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.").   This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea.  <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting <u>United States v. Timmreck</u>, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)).

Moreover, Petitioner's waiver of his right to appeal or collaterally attack his sentence if it fell within the agreed-upon Guideline range, which it did, must be given effect.  It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within an agreed-upon Guideline range is enforceable.[3]  <u>See</u>, <u>e.g.</u>, <u>United States v. Hernandez</u>, 242 F.3d 110, 113 (2d Cir.2001) (per curiam); <u>United States v. Djelevic</u>, 161 F.3d 104, 106 (2d Cir.1998) (per curiam).  The change in sentencing law ushered in by <u>Booker</u> has not altered this general rule.  The Second Circuit has determined that "an otherwise valid plea agreement and waiver of right to appeal sentence, entered into before January 12, 2005, is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were mandatory rather than advisory." <u>United States v. Roque</u>, 421 F.3d 118, 124 (2d Cir. 2005).

However, the Second Circuit has carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a defendant claims that he

---

[3]It is noted that Petitioner does not contend that his guilty plea was either unknowing or involuntary.

received ineffective assistance from his counsel in entering into the plea agreement.  <u>See</u> <u>Frederick v. Warden, Lewisburg Corr. Facility</u>, 308 F.3d 192, 195-96 (2d Cir. 2002); <u>Hernandez</u>, 242 F.3d at 113-14; <u>Djelevic</u>, 161 F.3d at 107.

In the present case, Petitioner does not argue that his guilty plea was unknowingly or involuntarily entered, nor does he assert that he received ineffective assistance of counsel.  As previously discussed, Petitioner received a sentence that fell within the Guideline range contemplated in his plea agreement.  Under the terms of that agreement, Petitioner forfeited his right to appeal or collaterally attack a sentence that fell within the agreed-upon range.  As such, this Court finds that the waiver provision in Petitioner's plea agreement must be given effect to bar consideration of Petitioner's sentencing claims.

**2.     Petitioner's Claims**

Even if the plea agreement could be construed to not bar this challenge and this Court were to consider Petitioner's claims, it finds that they are meritless.  First, Petitioner's argument that his sentence is invalid because this Court construed the Guidelines as mandatory at the time of his sentencing in contravention of the teaching of <u>Booker</u> is unpersuasive.  The Second Circuit has already determined that "<u>Booker</u> is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> was issued."  <u>Guzman v. United States</u>, 404 F.3d 139, 141 (2d Cir. 2005); <u>see</u> <u>also</u> <u>Soriano v. United States</u>, Nos. 05-Civ.-2704, 01-Cr.-534, 2006 WL 3039998, at *2 (S.D.N.Y. Oct. 24, 2006) (rejecting <u>Booker</u> arguments raised in a § 2255 motion).  In this case, as Petitioner himself recognizes, his conviction was final as of January 12, 2005.  (Petitioner's Reply Memorandum of Law, p. 2.)  Accordingly,

Booker does not afford Petitioner any basis for relief.

Second, Petitioner's argument that his sentence is invalid because this Court sentenced him under the erroneous belief that the ICCP would be available is equally unpersuasive. The ICCP program was, in fact, available at the time Petitioner was sentenced, so this is not a case where the court relied on false or unreliable information when imposing sentence. See LeClaire v. United States, No. 2:02 CR 128, 2006 WL 978707, at *3 (D.Vt. Apr. 10, 2006) (finding that if the ICCP was in effect at the time of sentencing, there was no reliance upon misinformation, and thus, no due process violation) (citing United States v. Serrato, 2005 WL 1661831, at *5 (D.Or. July 14, 2005)). Accordingly, there is no Due Process violation. See id.

This Court's recommendation that Petitioner be designated to the ICCP was simply that, a recommendation. This Court is quite aware that with respect to such sentencing recommendations, "it is settled law that it is within the discretion of the Bureau of Prisons, and not the court, as to whether a prisoner is admitted to [the ICCP]." Rickenbacker v. United States, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005) (analyzing a similar claim brought under 28 U.S.C. § 2241). Petitioner's sentence was not contingent upon his participation in the ICCP and his sentence is therefore not rendered legally invalid by the elimination of that program. In any case, this Court maintains that the sentence it imposed is a fair and just sentence that is sufficient, but not greater than necessary to reflect the seriousness of Petitioner's offense and to afford adequate deterrence, among other things. See 18 U.S.C. § 3553. This finding is unaltered by the decision of the Bureau of Prisons to terminate the

ICCP.[4]

## C.   Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

[4]In his reply brief, Petitioner challenges the cancellation of the ICCP as violative of the *ex post facto* clause.  However, since the cancellation of the ICCP impacts the execution of Petitioner's sentence, and not the imposition of it, this argument cannot be raised under § 2255.  See Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) (§ 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition, not the execution of, his sentence"); see also LeClaire, 2006 WL 978707, at *3 (finding that a challenge to the cancellation of ICCP program did not implicate the legality or imposition of the petitioner's sentence and was therefore not proper under § 2255).

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 17) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 05-CV-655S.

SO ORDERED.

Dated:  November 14, 2006
    Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
